IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.s 5:14-CT-3039-FL;
5:14-CT-3147-FL;
5:14-CT-3273-FL

| | |
|---|---|
| RONALD MCCLARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| JOSEPH LIGHTSEY, MITCHELL | ) |
| LAWSON, NURSE HENDERSON, | ) |
| and NURSE SIERRA, | ) |
| | ) |
| Defendants. | ) |

The matter is before the court sua sponte to consolidate, pursuant to Federal Rule of Civil Procedure 42(a), the following actions: McClary v. Lightsey, 5:14-CT-3039-FL (E.D.N.C. filed Feb. 5, 2014) ("McClary I"); McClary v. Lawson, 5:14-CT-3147-FL (E.D.N.C. filed June 9, 2014) ("McClary II"); and McClary v. Lightsey, 14-CT-3273 (filed Oct. 30, 2014) ("McClary III"). McClary II and McClary III are before the court for review pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court are plaintiff's motions to amend (DE 17, 22) filed in McClary I, plaintiff's motion for discovery (DE 20) filed in McClary I, and plaintiff's motion to amend (DE 6) filed in McClary III. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

Plaintiff filed McClary I on February 5, 2014, and named defendant Joseph Lightsey ("Lightsey") and the North Carolina Department of Public Safety ("DPS") as defendants in the action. Plaintiff alleged that defendants acted with deliberate indifference to his serious medical

needs in violation of the Eighth Amendment to the United States Constitution by failing to provide him surgery for his hernia. Plaintiff subsequently filed two motions to amend his complaint and alleged that defendants Lightsey, Mitchell Lawson ("Lawson"), Nurse Henderson ("Henderson"), and Nurse Sierra ("Sierra") acted with deliberate indifference to plaintiff's urological needs in violation of the Eighth Amendment. Plaintiff additionally alleged in an amended pleading that defendant Lightsey acted with deliberate indifference to his serious medical needs when Lightsey punched plaintiff in "the womb," on March 14, 2014, after having surgery.

On October 7, 2014, the court entered an order in McClary I and granted plaintiff's motions to amend. The court additionally dismissed without prejudice plaintiff's claim that Lightsey and DPS failed to provide plaintiff with surgery for his hernia on the grounds that plaintiff failed to comply with 42 U.S.C. § 1997(e)a's requirement that he exhaust his administrative remedies prior to filing this action. The court additionally dismissed without prejudice plaintiff's claim that Lightsey punched plaintiff in the womb on March 14, 2014, for failure to exhaust administrative remedies because it arose subsequent to the date plaintiff filed this action. Finally, the court directed plaintiff to notify it whether plaintiff exhausted his administrative remedies for his remaining claims against Lightsey, Lawson, Henderson, and Sierra prior to filing McClary I.

Plaintiff subsequently responded to the court's October 7, 2014, order. Then, on November 7, 2014, the court entered an order vacating the October 7, 2014, dismissal of plaintiff's claims for failure to exhaust and noted an intent to reserve the issue for a later date. The court also allowed plaintiff to proceed with his Eighth Amendment claims against Lightsey, Lawson, Henderson, and Sierra. Plaintiff subsequently filed two motions to amend his complaint in McClary I, as well as a motion for discovery.

2

On June 9, 2014, plaintiff filed a second § 1983 action *pro se* in McClary II. Plaintiff alleged that Lawson acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment because Lawson refused to provide medical care despite the fact that plaintiff had symptoms of prostate cancer.

Finally, on October 30, 2014, plaintiff filed a third § 1983 action *pro se* in McClary III naming Lightsey as a defendant. Plaintiff alleged that Lightsey acted with deliberate indifference to his serious medical needs because Lightsey refused to provide post-operative care following plaintiff's hernia surgery. Plaintiff subsequently filed a motion to amend his complaint.

## DISCUSSION

A.  Consolidation

The court first considers whether consolidation of plaintiff's three actions is appropriate. Rule 42(a)(2) provides: "If actions before the court involve a common question of law or fact, the court may [] consolidate the actions." When evaluating the issue of consolidation, the court should weigh the risks of prejudice and possible confusion against the risk of inconsistent adjudications, the burden posed by multiple lawsuits, and the relative expense of proceeding separately. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). The decision to consolidate is committed to the trial court's discretion. Id. at 192.

Here, plaintiff filed three consecutive *pro se* § 1983 complaints alleging related claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The court has reviewed plaintiff's actions and has determined that they are sufficiently related to warrant consolidation pursuant to Rule 42. Further, the court finds that it is in the interest of judicial

3

economy to consider plaintiff's complaints together. Accordingly, the court consolidates plaintiff's actions.

B.   Motions to Amend

Plaintiff filed two motions to amend his complaint in McClary I and one motion to amend his complaint in McClary III. The court GRANTS plaintiff leave to amend his complaint. See Fed. R. Civ. P. 15(a).

Given the court's consolidation of plaintiff's three actions and the fact that plaintiff's claims are woven sporadically among his pleadings, the court directs plaintiff to particularize his action and to file one amended complaint in the lead case, McClary I. Plaintiff is directed to clearly set forth each of his Eighth Amendment claims in one single complaint. The court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims. Finally, plaintiff may not, in his amended pleading, name other individuals not involved in the claim or make additional allegations concerning other prisons or defendants. The court will conduct a review of plaintiff's single amended complaint pursuant to 28 U.S.C. 1915(e)(2)(B) once it is filed.

C.   Motion for Discovery

The court now turns the motion for discovery that plaintiff filed in McClary I. In his motion, plaintiff seeks a court order compelling defendants to provide him with discovery. Defendants have not yet been served with the summons and complaint in this action, and likewise have not been served with plaintiff's discovery requests. Accordingly, any discovery request at this point in the proceedings is premature. Thus, plaintiff's motion is DENIED as premature.

**CONCLUSION**

In summary, the court rules as follows:

(1) The court consolidates the following actions: <u>McClary v. Lightsey</u>, 5:14-CT-3039-FL (E.D.N.C. filed Feb. 5, 2014); <u>McClary v. Lawson</u>, 5:14-CT-3147-FL (E.D.N.C. filed June 9, 2014); and <u>McClary v. Lightsey</u>, 5:14-CT-3273 (filed Oct. 30, 2014). All future docket entries shall be docketed in the lead case, <u>McClary v. Lightsey</u>, 5:14-CT-3039-FL (E.D.N.C. filed Feb. 5, 2014), and the caption in the lead case shall reflect the case numbers for all three cases;

(2) Plaintiff's motions to amend (DE 17, 22) filed in <u>McClary I</u> and his motion to amend (DE 6) filed in <u>McClary III</u> are GRANTED. Plaintiff is DIRECTED to file his particularized <u>single</u> amended complaint as set forth above within fourteen (14) days of this court's order. To assist plaintiff in this process, the clerk is DIRECTED to send plaintiff a copy of the complaint in each of his actions as well as a copy of his pending motions to amend (DE 17, 22) filed in <u>McClary I</u> and (DE 6) filed in <u>McClary III</u>. The clerk also is DIRECTED to send plaintiff the form for filing a civil rights action;

(3) Plaintiff's motion for discovery (DE 20) filed in <u>McClary I</u> is DENIED as PREMATURE;

(4) The Clerk of Court is DIRECTED to add Lawson, Henderson, and Sierra as defendants in this action.

SO ORDERED, this the 15th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

6