IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.s 5:14-CT-3039-FL;
5:14-CT-3147-FL;
5:14-CT-3273-FL

| | |
|---|---|
| RONALD MCCLARY, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOSEPH LIGHTSEY, MITCHELL LAWSON, NURSE HENDERSON, and NURSE SIERRA, | ) |
| Defendants. | ) |

The matter comes before the court on plaintiff's motions to compel discovery (DE 65, 70), motion for leave to file an ex parte pleading (DE 82), and motion to delay ruling on defendant Lightsey's motion to dismiss (DE 97). Also before the court are defendant Lightsey's motion to dismiss (DE 71) pursuant to Federal Rule of Civil Procedure 12(b)(6), motion for a protective order (DE 74), and motion to strike (DE 89).

A.   Defendant Lightsey's Motion to Dismiss

Defendant Joseph Lightsey ("Lightsey") argues in his motion to dismiss that plaintiff failed to exhaust his administrative remedies in accordance with 42 U.S.C. § 1997e(a) prior to filing this consolidated action. The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford,

548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Here, defendant Lightsey contends that plaintiff's complaint reveals on its face that plaintiff failed to exhaust his administrative remedies before filing the instant action because plaintiff failed to attach any grievances to his complaint. However, failure to exhaust administrative remedies is an affirmative defense, and "need not be alleged by the plaintiff in his complaint." See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson, 407 F.3d at 683. Defendant Lightsey has presented no evidence to support his affirmative defense. Because exhaustion is mandatory, the court DIRECTS defendant Lightsey to supplement his motion to dismiss to provide evidentiary support, including copies of all grievances that plaintiff filed in relation to this action and a supporting affidavit, for his affirmative defense that plaintiff failed to exhaust his administrative remedies.

Due to the court's direction that defendant Lightsey supplement his motion to dismiss with materials that are outside of the scope of the pleadings, the court shall review this motion as one filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Therefore, the clerk of court is directed to issue a Rule 56 letter in compliance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

B. Motions to Compel and Motion for a Protective Order

Plaintiff filed two motions to compel discovery. In response, defendant Lightsey filed a motion for a protective order.

The court first determines whether defendant Lightsey is entitled to a protective order. As discussed above, on April 27, 2015, defendant Lightsey filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) raising, *inter alia*, the affirmative defenses of failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) and qualified immunity. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x. 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendant Lightsey raised the defense of affirmative qualified immunity and asserts that plaintiff cannot establish a constitutional violation, he is entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Likewise, the court finds it prudent to resolve the exhaustion issue prior to any further discovery. Therefore, with the exception of the exhaustion-related material the court has directed defendant Lightsey to provide supra, the court GRANTS the motion for a protective order, and DENIES without prejudice plaintiff's motions to compel.

3

C. Motion for Leave to File an Ex Parte Pleading

On May 7, 2015, plaintiff filed a pleading captioned "ex parte motion to leave," which this court construes as a motion for leave to file a pleading ex parte. Plaintiff has not provided any basis for which this filing should be considered ex parte. Accordingly, the court allows plaintiff 14 days to state why this filing should be considered ex parte. At the expiration of the 14 day period, the court will determine whether this filing should be construed as ex parte. Plaintiff is on notice that should this court determine that his filing should not be construed as ex parte, defendants will be served with a copy of his filing.

D. Motion to Strike

Defendant Lightsey filed a motion to strike the filing of plaintiff's response and second response to defendant Lightsey's answer, plaintiff's second and third responses in opposition to defendant Lightsey's motion to dismiss, and plaintiff's memorandum dated May 1, 2015. Defendant Lightsey requests that this court strike plaintiff's pleadings pursuant Federal Rule of Civil Procedure 7(a), which provides that a reply to an answer is permitted only "if the court orders one." The court did not order that plaintiff file a reply to defendant Lightsey's answer. Thus, the court GRANTS the motion to strike plaintiff's first and second responses to defendant Lightsey's answer. See Hazel v. McElvogue, No. 0:09-2405-SB-PJG, 2010 WL 2484003, *1-2 (W.D.N.C. Apr. 2, 2010).

As for plaintiff's remaining contested pleadings, the court declines to strike such pleadings from the record. However, plaintiff is warned that unnecessary and excessive filings are not helpful to the court and impede judicial efficiency and the administration of justice.

4

E.  Motion to Delay Ruling

Plaintiff filed a motion to delay ruling on defendant Lightsey's motion to dismiss to allow plaintiff the opportunity to engage in discovery with defendants Lawson and Henderson. In support of his motion, plaintiff contends that defendants Lawson and Henderson will provide discovery necessary to support plaintiff's constitutional claims against defendant Lightsey. As stated, the court finds it appropriate to first determine the issue of whether plaintiff exhausted his administrative remedies prior to filing this action. Defendant Lightsey has been directed to provide supplemental discovery materials as to the exhaustion issue, and plaintiff will be provided the opportunity to respond. After resolving the exhaustion issue, the court will consider whether it is appropriate to permit plaintiff the opportunity to engage in additional discovery prior to ruling on the remainder of defendant Lightsey's dispositive motion. Thus, plaintiff's motion to delay ruling on defendant Lightsey's dispositive motion is DENIED without prejudice.

For the foregoing reasons, the court rules as follows:

(1) Defendant Lightsey's motion for a protective order (DE 74) is GRANTED, and plaintiff's motions to compel (DE 65, 70) are DENIED without prejudice;

(2) The court construes defendant Lightsey's motion to dismiss (DE 71) as a motion for summary judgment pursuant to Rule 56, and the clerk is directed to issue a Rule 56 letter in compliance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). Defendant Lightsey is DIRECTED to supplement his dispositive motion as directed above within 21 days of this court's order. Plaintiff, thereafter, has 14 days to respond;

(3) Plaintiff has 14 days to state why his May 7, 2015, filing (DE 82) should be considered ex parte;

(4) Defendant Lightsey's motion to strike (DE 89) is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's response and second response to defendant Lightsey's answer, and is denied as to the remaining contested filings;

(5) Plaintiff's motion to delay ruling on defendant Lightsey's dispsositive motion (DE 97) is DENIED.

SO ORDERED, this the 27th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge