IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.s 5:14-CT-3039-FL;
5:14-CT-3147-FL;
5:14-CT-3273-FL

| | |
|---|---|
| RONALD MCCLARY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH LIGHTSEY, MITCHELL )<br>LAWSON, NURSE HENDERSON, )<br>and NURSE SIERRA, )<br>)<br>Defendants. ) | ORDER |

This matter comes now before the court on defendant's motion for summary judgment (DE 71), defendants' motion to dismiss (DE 71, 124), and defendant's motion for a protective order (DE 137). Also before the court are plaintiff's motion for leave to file ex parte (DE 82), motion to take deposition from Nurse Bratcher (DE 104), and motion seeking a ruling on interrogatories (DE 108). Plaintiff responded to defendants' respective motions, but defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

**STATEMENT OF THE CASE**

For ease of reference the statement of the case as set forth in the court's December 16, 2014, order is as follows:

> Plaintiff filed McClary I on February 5, 2014, and named defendant Joseph Lightsey ("Lightsey") and the North Carolina Department of Public Safety ("DPS") as defendants in the action. Plaintiff alleged that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United

States Constitution by failing to provide him surgery for his hernia. Plaintiff subsequently filed two motions to amend his complaint and alleged that defendants Lightsey, Mitchell Lawson ("Lawson"), Nurse Henderson ("Henderson"), and Nurse Sierra ("Sierra") acted with deliberate indifference to plaintiff's urological needs in violation of the Eighth Amendment. Plaintiff additionally alleged in an amended pleading that defendant Lightsey acted with deliberate indifference to his serious medical needs when Lightsey punched plaintiff in "the womb," on March 14, 2014, after having surgery.

On October 7, 2014, the court entered an order in McClary I and granted plaintiff's motions to amend. The court additionally dismissed without prejudice plaintiff's claim that Lightsey and DPS failed to provide plaintiff with surgery for his hernia on the grounds that plaintiff failed to comply with 42 U.S.C. § 1997(e)a's requirement that he exhaust his administrative remedies prior to filing this action. The court additionally dismissed without prejudice plaintiff's claim that Lightsey punched plaintiff in the womb on March 14, 2014, for failure to exhaust administrative remedies because it arose subsequent to the date plaintiff filed this action. Finally, the court DIRECTED plaintiff to notify it whether plaintiff exhausted his administrative remedies for his remaining claims against Lightsey, Lawson, Henderson, and Sierra prior to filing McClary I.

Plaintiff subsequently responded to the court's October 7, 2014, order. Then, on November 7, 2014, the court entered an order vacating the October 7, 2014, dismissal of plaintiff's claims for failure to exhaust and noted an intent to reserve the issue for a later date. The court also allowed plaintiff to proceed with his Eighth Amendment claims against Lightsey, Lawson, Henderson, and Sierra. Plaintiff subsequently filed two motions to amend his complaint in McClary I, as well as a motion for discovery.

On June 9, 2014, plaintiff filed a second § 1983 action *pro se* in McClary II. Plaintiff alleged that Lawson acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment because Lawson refused to provide medical care despite the fact that plaintiff had symptoms of prostate cancer.

Finally, on October 30, 2014, plaintiff filed a third § 1983 action *pro se* in McClary III naming Lightsey as a defendant. Plaintiff alleged that Lightsey acted with deliberate indifference to his serious medical needs because Lightsey refused to provide post-operative care following plaintiff's hernia surgery. Plaintiff subsequently filed a motion to amend his complaint.

(DE 24, pp. 2-3.)

On December 16, 2014, the court entered an order consolidating McClary I, II, and III, and designated McClary I as the lead case. The court granted plaintiff's motions to amend and directed him to file a particularized complaint. The court also denied plaintiff's motion for discovery as premature. Finally, the court directed the clerk of court to add Lawson, Henderson, and Sierra as defendants in this action. On December 30, 2014, United States Magistrate Judge Robert B. Jones, Jr. signed a consent order, filed by defendant Lightsey, governing the production of confidential information by the North Carolina Department of Public Safety ("DPS").

On January 6, 2015, plaintiff filed his particularized complaint, and then filed a motion for the production of documents and a pleading captioned "Brandeis Brief," which the court construed as an additional response to its December 16, 2014, order. Defendant Lightsey filed a motion for an extension of time to file an answer to plaintiff's particularized complaint. On February 13, 2015, the court entered an order stating that plaintiff's amended pleading and "Brandeis Brief" were unclear and again directed plaintiff to file one particularized complaint. The court additionally denied as moot defendant Lightsey's motion for an extension of time to file an answer and denied without prejudice plaintiff's motion for production of documents.

On February 23, 2015, plaintiff filed his particularized complaint. Defendant Lightsey again moved for an extension of time to answer plaintiff's second particularized complaint. Plaintiff then filed a motion to compel the appearance of defendants, which the court construed as a motion to expedite. On March 11, 2015, the court entered an order allowing plaintiff to proceed with his action against defendants Lightsey, Mitchell, Lawson, Henderson, and Sierra. The court also granted defendant Lightsey's motion for an extension of time to answer and denied plaintiff's motion to expedite.

On April 12, 2015, the North Carolina Attorney General, acting pursuant to Standing Order 14-SO-02, informed the court that it believed that the party plaintiff identified as "Nurse Sierra" was Heriberto Sierra, and provided an address for service in Greensboro, North Carolina. The United States Marshals Service served Heriberto Sierra at the addressed provided by the attorney general on April 21, 2015. On May 12, 2015, Heriberto Sierra filed a *pro se* motion to dismiss arguing that he is not the "Nurse Sierra" identified in the complaint, and that he has never worked for the North Carolina Department of Correction. In response, the attorney general informed the court that it had provided an incorrect address for serving defendant Sierra. As a result, on May 15, 2015, the court entered an order quashing the service of Heriberto Sierra, and denying as moot the pending motion to dismiss. Defendant Sierra properly was served on May 6, 2015.

In the interim, plaintiff filed a motion for discovery and a motion to compel. On April 27, 2015, defendant Lightsey filed a motion for a protective order and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. 1997e(a) prior to filing this action and that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed. On May 7, 2015, plaintiff filed a motion for leave to file ex parte and later filed a motion to delay ruling on defendant Lightsey's motion to dismiss as well as a motion to take the deposition of Nurse Bratcher. Defendant Lightsey filed a motion to strike several of plaintiff's filings.

On May 28, 2015, the court entered an order directing defendant Lightsey to supplement his motion to dismiss to provide evidentiary support, including copies of all grievances that plaintiff filed in relation to this action and a supporting affidavit, for his affirmative defense that plaintiff failed to exhaust his administrative remedies. The court also provided the parties notice of its intent to construe defendant Lightsey's motion to dismiss as a motion for summary judgment and directed

the clerk of court to issue a Rule 56 letter. The court, additionally, granted defendant Lightsey's motion for a protective order and denied without prejudice plaintiff's two motions to compel. As for plaintiff's motion for leave to file an ex parte pleading, the court provided plaintiff 14 days to state why his filing should be considered ex parte. The court granted defendant Lightsey's motion to strike in part and denied it in part. The court granted the motion to strike as to plaintiff's first and second responses to defendant Lightsey's answers, but denied the remainder of the motion. Finally, the court denied without prejudice plaintiff's motion to delay ruling on defendant Lightsey's motion to dismiss.

On the same date, plaintiff filed a motion seeking ruling on interrogatories. Then, on June 4, 2015, plaintiff responded to the court's May 28, 2015, order and provided clarification as to his request to file a motion ex parte. On June 17, 2015, defendant Lightsey supplemented his pending motion for summary judgment and submitted the affidavit of Finesse G. Couch.[1] Plaintiff responded to defendant Lightsey's supplemental filing, and defendant Lightsey replied.

On July 7, 2015, defendant Sierra filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was fully briefed. On September 2, 2015, defendant Sierra filed a motion for a protective order, which also was fully briefed.

**STATEMENT OF FACTS**

The facts viewed in the light most favorable to plaintiff are as follows. Plaintiff's complaint relates to medical care he received from defendants Lightsey, Lawson, Henderson, and Sierra while he was incarcerated at Polk Correctional Institution ("Polk"). Plaintiff had hernia surgery on March 13, 2014. (Couch Aff. Ex. 11.) The next day, defendant Lightsey "punched [plaintiff] on [his]

---

[1] Defendant Lightsey attached an affidavit filed by Finesse Couch ("Couch") to his answer and Couch filed an affidavit in support of defendant Lightsey's motion for summary judgment. Couch is employed by the North Carolina Department of Public Safety as the Executive Director of the North Carolina Inmate Grievance Resolution Board. See (Couch Aff. ¶ 2.)

dressing" at the site of his surgical incision. (Id. Ex. 3.) Lightsey did not prescribe plaintiff any pain medication for his painful hernia and enlarged prostate and has not conducted plaintiff's yearly exam. (Compl. (DE 48), pp. 3, 6.) Plaintiff continued to experience "severe discomfort and pain" following his surgery, but Polk medical staff did nothing for a period of seven months. (Couch Aff. Ex. 11.)

On January 28, 2014, plaintiff filed a sick call request stating that he had filed four previous sick-call requests over a three week period and had not been seen for his bladder/hernia problem which included symptoms of blood in his urine and the inability to control his bladder. (Couch Aff. Ex. 12, p. 1.) In response to plaintiff's complaints regarding his hernia and urological issues, defendant Sierra provided plaintiff with aspirin. (Compl., p. 4, and DE 130, p. 2.) Sierra, however, failed to dispense plaintiff his medications on several occasions, and "95 pills were missed by this nursing staff because delay in them renewing prescription that they admit were at fault the campaign of neglect." (Compl., p. 5.)

On July 28, 2014, plaintiff filed a grievance stating the following:

> I have a serious bladder problem. I cannot hold my urine at times and frequent urination at night awakening [me] at least every hour. Urinating 8 times during sleep. I have to wear a towel around my private area to absorb the urine that leak and I cannot stop or control. Have to change my sheet daily and boxers twice daily. Dr. Lightsey or medical is not qualified or specialize in the field of urology. I'm receiving no treatment for this severe problem.

(Couch Aff. Ex. 9.)

Plaintiff's condition caused him to suffer "severe pain" and he still has not had a biopsy to determine whether he has prostate cancer, despite the fact that plaintiff experiences blood in his urine and an enlarged prostate (Compl., pp. 4, 6.)

**DISCUSSION**

A.     Motion for Leave to File Ex Parte

Plaintiff filed his motion for leave to file ex parte on May 7, 2015. On May 28, 2015, the court entered an order noting that plaintiff did not provide any basis for which his May 7, 2015, filing should be considered ex parte and provided plaintiff 14 days to do so. Plaintiff responded and stated the following: "Plaintiff was of the belief that the defendant did not have to be given notice of request for motion to leave in this particular motion. Not a motion to leave to file an ex-parte motion." ((DE 111), p. 1.) Plaintiff's statements do not provide grounds as to why plaintiff's May 7, 2015, motion should be considered ex parte and indicate an intent to withdraw the motion. Thus, plaintiff's May 7, 2015, motion is DENIED.

B.     Motion to Take Deposition

Plaintiff seeks leave to depose nonparty Nurse Bratcher. Plaintiff, however, failed to comply with Federal Rule of Civil Procedure 30(b)'s requirements for noticing and taking a deposition. Although plaintiff is proceeding *pro se,* he still is required to comply with the discovery rules set forth in the Federal Rules of Civil Procedure. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that *pro se* litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible."); see also, Dancy v. Univ. of N.C. at Charlotte, No. 3:08-cv-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug.3, 2009) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules without which effective judicial administration would be impossible.") (internal quotations omitted); Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) ("[A]lthough we authorized the plaintiff to take depositions of non–party witnesses upon written questions, the plaintiff nevertheless

bears the burden of complying with the procedural and financial requirements that such discovery commands.") Thus, plaintiff's motion is DENIED without prejudice.

C.   Discovery Motions

Defendant Sierra requests that the court stay discovery pending the resolution of his motion to dismiss, and plaintiff filed a motion seeking ruling on interrogatories. A district court has the authority pursuant to Federal Rule of Civil Procedure 26(c) to establish limitations on discovery. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). The court may properly exercise its discretion pursuant to Rule 26(c) to issue a stay of discovery pending resolution of dispositive motions. Tilley v. United States, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 F. App'x 333 (4th Cir. 2004), cert. denied, 543 U.S. 819 (2004); see, e.g., Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) (endorsing the trial court's decision to stay discovery pending resolution of a Rule 12(b)(1) motion), overruled on other grounds by, Sheridan v. United States, 487 U.S. 392 (1988).

Where good cause has been shown why discovery should be stayed pending decision on the motion to dismiss, in the court's discretion, the motion for a protective order is ALLOWED. Because the court granted the protective order, the court DENIES as MOOT plaintiff's motion seeking ruling on interrogatories. After decision on defendant Sierra's motion to dismiss, should the case remain, the court will lift the stay, and establish new case deadlines, including for the conduct of discovery and the making of any dispositive motions.

D.   Frivolity Review

The court finds it appropriate to conduct a review, pursuant to 28 U.S.C. § 1915(e)(2)(B), of plaintiff's retaliation claim. The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is

frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327).

Plaintiff generally asserts a claim for retaliation. For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. Adams, 40 F.3d at 75. Moreover, in a retaliation action alleging First Amendment violations, a plaintiff must establish that the conduct complained of adversely affected his constitutional rights. ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993). Additionally, a plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74-75.

Here, plaintiff's only factual support for his retaliation claim is his conclusory allegation that defendants retaliated against him. Plaintiff's conclusory allegations of retaliation are insufficient to allege a constitutional violation. Adams, 40 F.3d at 74. Thus, the court DISMISSES this claim without prejudice pursuant to § 1915(e)(2)(B)(ii).

To the extent plaintiff raises state law negligence claims in his complaint, North Carolina imposes substantive legal requirements that a person must follow to pursue a medical malpractice claim. See N.C. R. Civ. P. 9(j). Under North Carolina Rule of Civil Procedure 9(j), a plaintiff's medical malpractice complaint must assert that the medical care has been reviewed by a person who

is reasonably expected to qualify (or whom the plaintiff will move to qualify) as an expert witness and who is willing to testify that the medical care received by the plaintiff did not comply with the applicable standard of care. See N.C. R. Civ. P. 9(j)(1), (2); see, e.g., Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001); Acosta v. Byrum, 180 N.C. App. 562, 572, 638 S.E.2d 246, 253 (2006). Alternatively, the complaint must allege facts establishing negligence under the common-law doctrine of *res ipsa loquitur*. See N.C. R. Civ. P. 9j(3). Failure to comply with Rule 9(j) is grounds for dismissal of a state medical malpractice claim brought in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier, 308 F. Supp. 2d at 676–77; Moore, 139 F. Supp. 2d at 713.

Plaintiff's complaint fails to allege that he obtained certification from an expert willing to testify that his treating medical personnel did not comply with the applicable standard of care. Further, the doctrine of *res ipsa loquitur* "is allowed only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body). In light of the evidence, the doctrine of *res ipsa loquitur* does not apply to plaintiff's claim. Thus, plaintiff fails to meet the requirements of Rule 9(j), and his negligence claim is DISMISSED without prejudice.

As for plaintiff's claims against defendants in their official capacities, an action by a private party to recover money damages from state officials in their official capacity are barred by the Eleventh Amendment. Huang v. Board of Governors of University of North Carolina, 902 F.2d 1134, 1138 (4th Cir. 1990). For this reasons, the court DISMISSES this claim for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

E. Dispositive Motions

1. Standard of Review

The court construes defendant Lightsey's motion as a motion for summary judgment strictly for evaluation of whether plaintiff exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) prior to filing this action. The court evaluates the remainder of the motion as a motion to dismiss pursuant to Rule 12(b)(6). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will

reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

    2.    Analysis

        a.    Exhaustion of Administrative Remedies

Defendant Lightsey argues that plaintiff failed to exhaust his administrative remedies for his claims against him prior to filing McClary I. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an

action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Public Safety ("DPS") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DPS's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

In this case, the record reflects that plaintiff first filed a grievance, No. 3980-14-0211, on January 28, 2014, complaining that defendant Lightsey and medical staff failed to provide him treatment for his bladder/hernia issues.[2] (Couch Aff. Ex. 12.) Plaintiff completed the administrative remedy process for grievance No. 3980-14-0211 on March 4, 2014, which was after plaintiff filed McClary I, on February 5, 2014, but before plaintiff filed McClary II or III. (Id. p. 4.) Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n. 1 (4th Cir. 2006) (per curiam) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). Based upon the foregoing, the court finds it appropriate to dismiss McClary I without prejudice because plaintiff failed to exhaust his administrative remedies prior to filing that action.[3] Because the court dismissed the lead case McClary I, the clerk of court is DIRECTED to file plaintiff's amended complaint (DE 48) and all future filings in the newly appointed lead case– McClary II. The court now turns to the motions to dismiss pursuant to Rule 12(b)(6) filed by defendants Lightsey and Sierra.

      b.      Eighth Amendment Claims Regarding Medical Care

Defendant Lightsey raises the affirmative defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

---

[2] The court construes plaintiff's assault claim as part of his deliberate indifference claim in that plaintiff contends the alleged assault occurred in the course a sick-call visit with Lightsey. (See Couch Aff. Ex. 3, p. 1.) Plaintiff was not required to separately grieve this issue. See Moore v. Bennette, 517 F.3d 717, 730 (4th Cir. 2008) (stating inmate not required to "grieve each of the alleged components of his punishment separately").

[3] The court notes that defendant Lightsey is the only named defendant in McClary I.

known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court now will consider whether plaintiff alleged a constitutional violation.

Plaintiff alleges defendants Lightsey and Sierra acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted).

Defendants Lightsey and Sierra do not assert that plaintiff fails to establish the objective prong of the Eighth Amendment test. Thus, the court focuses on the subjective prong–whether defendants Lightsey or Sierra acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Id. at 837; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). An inmate is not entitled to

choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975) (per curiam). Likewise, mere negligence or malpractice in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-106; Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998).

The court begins with plaintiff's Eighth Amendment claim against defendant Lightsey. Plaintiff's amended complaint is not a model of clarity. Plaintiff asserts that defendant Lightsey did not provide him treatment for his hernia and urological conditions. (Compl. (DE 48), pp. 3-4; (Couch Aff. Exs. 3, 6, 7, 9, 11, 12.) Plaintiff further states that defendant Lightsey punched him in the stomach during a post-operative exam. (Couch Aff. Ex. 3, p. 1.) Liberally construing plaintiff's allegations as this court must, plaintiff's allegations are sufficient to state an Eighth Amendment claim. See Estelle, 429 U.S. at 104–05 (finding that a prisoner may make a showing of deliberate indifference by alleging that defendants were "intentionally denying or delaying access to medical care."); Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) ("Under the applicable legal principles, a significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation."). Based upon the foregoing, plaintiff has made allegations sufficient to satisfy the Eighth Amendment test for his claim against defendant Lightsey, and defendant Lightsey is not entitled to qualified immunity at this time.

The court next turns to defendant Sierra's motion to dismiss plaintiff's Eighth Amendment claim. In response to defendant Sierra's motion, plaintiff states that defendant Sierra refused to provide him with medications stronger than aspirin in response to plaintiff's complaints of debilitating hernia pain. (See DE 130, p. 2.) Plaintiff further states that Sierra refused to dispense him his prescribed medications on several occasions, ignored his symptoms, and refused to provide him with medical care. (Id.) Again, liberally construing plaintiff's allegations as this court must,

plaintiff's allegations are sufficient to state a claim. See Estelle, 429 U.S. at 104–05. Thus, defendant Sierra's motion to dismiss is DENIED as to this claim.

        c.      State Law Assault Claim

Defendant Lightsey also moves to dismiss plaintiff's state law assault claim. Assault is defined by common law rules because there is no statutory definition in North Carolina. Johnson v. City of Fayetteville, 91 F. Supp. 3d 775, 799 (4th Cir. 2015) (citing State v. Mitchell, 358 N.C. 63, 69, 592 S.E.2d 543, 547 (2004)). The Fourth Circuit Court of Appeals recently set forth the following two rules regarding assaults as recognized by the North Carolina Supreme Court:

> The first rule defines assault as "an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm" Mitchell, 358 N.C. at 69–70, 592 S.E.2d at 547, and "places emphasis on the intent or state of mind of the person accused." State v. Roberts, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967). The second rule defines assault as a "show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise would have followed," and focuses on "the reasonable apprehension of the person assailed." Id.

Id.

Here, plaintiff alleges that defendant Lightsey punched him in the stomach on the site of his incision shortly after having hernia surgery. (Couch Aff. Ex. 3.) These allegations state a claim for assault.

        d.      Punitive Damages

Defendants argue that plaintiff's claims do not support an award of punitive damages. Punitive damages may be awarded in a § 1983 action under appropriate circumstances to punish violations of constitutional rights. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 267-268

(1981). Punitive damages may be awarded for "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). The Fourth Circuit has determined that the callous indifference required for punitive damages is the same as the deliberate indifference required for a finding of liability in a § 1983 claim. Cooper, 814 F.2d at 948. Plaintiff alleges deliberate indifference to his serious medical needs in this case. Thus, he has sufficiently plead punitive damages, and the motion to dismiss plaintiff's claim for punitive damages is DENIED.

    e.  Injunctive Relief

Defendants argue that plaintiff's request for injunctive relief based upon his claim regarding his medical care at Polk now is moot because plaintiff was transferred from Polk and now is incarcerated at Lanseboro Correctional Institution. Federal courts may only decide actual cases or controversies. See U.S. Const. art. III, § 2. A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence." United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quotation omitted). To satisfy the Article III case or controversy requirement, "[a] litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70–71 (1983). When a case or controversy ceases to exist, the litigation becomes moot and the federal court no longer possesses jurisdiction to proceed. Id.

Here, plaintiff was transferred from Polk where he received the alleged unconstitutional medical care. Plaintiff has not alleged that his claim for injunctive relief was not rendered moot by

his transfer. Thus, plaintiff's request for injunctive relief in this case is MOOT. See Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) (holding that transfer or release moots claim for injunctive relief under RLUIPA.).

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's retaliation, state law negligence, and officials capacity claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's retaliation and state law negligence claims are DISMISSED without prejudice;

(2) Defendant Lightsey's motion to dismiss (DE 71) is GRANTED in part and DENIED in part. Lightsey's motion is GRANTED to the extent that plaintiff failed to exhaust his administrative remedies prior filing McClary I, and the action designated as McClary I is DISMISSED without prejudice. The clerk is DIRECTED to file plaintiff's amended complaint (DE 48) as well as all future filings in the new lead case–McClary II. Lightsey's motion to dismiss also is GRANTED as to plaintiff's request for injunctive relief. The remainder of defendant Lightsey's motion is DENIED;

(3) Plaintiff's motion for leave to file ex parte (DE 82) is DENIED;

(4) Plaintiff's motion to take the deposition of Nurse Bratcher (DE 104) is DENIED without prejudice;

(5) Plaintiff's motion seeking a ruling on interrogatories (DE 108) is DENIED as MOOT;

(6) Defendant Sierra's motion to dismiss (DE 124) is GRANTED in part and DENIED in part. Sierra's motion is GRANTED as to plaintiff's request for

injunctive relief. The remainder of defendant Sierra's motion is DENIED;

(7) Defendant Sierra's motion for a protective order is GRANTED (DE 137);

(8) Having ruled on the pending dispositive motions, the court lifts of stay of discovery. The court will issue an initial order setting forth case management deadlines in a separate order.

SO ORDERED, this the 8th day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge